UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION at LEXINGTON

CIVIL ACTION NO. 07-CV-95-KSF

KATHY WILSON, ET AL.                                                                                   PLAINTIFFS

VS:                          **MEMORANDUM OPINION AND ORDER**

LEXINGTON FAYETTE URBAN COUNTY GOV'T, ET AL.                         DEFENDANTS

\*\*\*\*   \*\*\*\*   \*\*\*\*   \*\*\*\*

Kathy Wilson, an individual currently incarcerated at the Casey County Detention Center in Liberty, Kentucky, has filed a *pro se* civil rights complaint, purportedly on behalf of herself and others, and a motion to proceed *in forma pauperis* in this case. The motion will be granted by separate Order.

This matter is before the Court for initial screening. 28 U.S.C. §1915(e); *McGore v. Wrigglesworth*, 114 F.3d 601, 607-8 (6th Cir. 1997).

THE COMPLAINT

Kathy Wilson has submitted a handwritten, three-page complaint. On page 1, she has a caption which consumes the entire page, as she lists three plaintiffs and numerous defendants. Centered at the bottom of the page is the following:

Class Action
(1983 - )

Record No. 1 at 1.

The second page of the complaint contains the allegation that all of the defendants violated the "4th, 6th, 8th, 14th, 19th, 21st, amendments of the Constitution along with the following . . . ." The following is another list. It fills the page and consists of legal phrases enumerated (A) - (S), *e.g*:

    (B)  Discriminated against in regards to being handicapped, elderly, job, or employment.

. . .

    (K)  Negligence
    (L)  Sexual Harrassment
    (M)  Police Brutility
    (N)  Malious Intent
    (O)  Double Jeopardy
    (P)  Habious Corpus

. . .

*Id.* at 2.

On the third page, Plaintiff Wilson (1) states that the defendants "did commit the named offenses" beginning in 2003 and continuing to the present and (2) demands a jury trial and damages, including punitive damages. At the bottom of this page, Wilson has printed her name but has date and signature lines which are blank.

## NAMED PARTIES

As the plaintiffs, Wilson has named herself; Charles Wilson; and the "state of Isabelle Moore/etc." She does not explain who the other plaintiffs are, and no one has signed the complaint.

As defendants, Wilson names the following: Lexington Fayette Urban County Government Division of Building Inspetion [sic]; Inspector Karen Hobbs; Legal Services–Legal Dept for LFUCG; Division of Fire Inspection (Safety); Office of Inspector General State of KY; KY Department of Health Services; Steven Davis, States Attorney for Inspector General; Brian Judy, States Attorney for Inspector General; Cabinet for Family and Children; Family Services of Bourbon County; KY Dept of Public Health; Bourbon County Sheriff's Office; Deputy Ted Rawlings (Bourbon County); Millersburg KY Police Dept.; Jeff Asbury, Chief Police, Millersburg KY; Kentucky Utilities; KY American Water Company (Lex, KY); Bruce Stith, Attorney at Law; Ralph

Messner, Messner Homes; New Beginnings of the Bluegrass; Comprehensive Care of the Bluegrass; and Greentree Mortgage Company.

## DISCUSSION

Pleadings filed by *pro se* litigants are held "to less stringent standards than formal pleadings drafted by lawyers." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Thomas v. Eby*, ___ F.3d ___, ___, 2007 WL 935706 (6th Cir. 2007).

Judicial principles requiring generous construction of *pro se* pleadings are not without limits, however. *See Wells v. Brown,* 891 F.2d 591, 594 (6th Cir.1989); *Beaudett v. City of Hampton,* 775 F.2d 1274, 1277 (4th Cir.1985). A complaint must contain either direct or inferential allegations respecting all the material elements of some viable legal theory to satisfy federal notice pleading requirements. *See Schied v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 437 (6th Cir.1988).

District courts are not required to conjure up questions never squarely presented to them or to construct full-blown claims from sentence fragments. *Beaudett,* 775 F.2d at 1278. To do so would "require ... [the courts] to explore exhaustively all potential claims of a *pro se* plaintiff, ... [and] would ... transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Id.* at 1278.

Moreover, such deficient pleadings place an unfair burden not only on the Court, but also on the defendants, who are left to speculate on what they did, what potential claims the plaintiff may be raising against them, and which defenses they might assert in response to each of these possible causes of action. *See Wells v. Brown,* 891 F.2d at 594; *Reid v. State Farm Mut. Ins. Co.,* 2007 WL 928665, *2 (N.D.Ohio 2007) (slip op.).

When a plaintiff/petitioner generally alleges that he has been deprived of rights, privileges or immunities secured by the federal Constitution and/or laws and/or amendments thereto, but the petitioner/plaintiff nowhere identifies the substance of the alleged deprivation, such conclusory statements are insufficient under §1983. *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1994) (citing *See Ana Leon T. v. Federal Reserve Bank of Chicago*, 823 F.2d 928, 930 (6th Cir.), *cert. denied*, 484 U.S. 945 (1987)).

Even liberally construed, the complaint herein does not sufficiently state the facts or claims upon which plaintiff intends to base her action. For this reason, the complaint will be dismissed, *sua sponte*, pursuant to 28 U.S.C. §1915(e), and it is not necessary to reach additional flaws, including the failure to sign the complaint or to sufficiently identify the parties.

## CONCLUSION

Accordingly, the Court being advised, **IT IS ORDERED** that this action is **DISMISSED**, *sua sponte*, and Judgment shall be entered contemporaneously with this Memorandum Opinion in favor of the defendants.

This April 16, 2007.



**Signed By:**
*Karl S. Forester* KSF
**United States Senior Judge**